THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PACIFIC COAST MARITIME, INC., a Washington corporation, HARLEY MARINE FINANCING, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>EAST WEST SEAFOODS, LLC, a Washington limited liability company, *in personam*, and F/V PACIFIC PRODUCER, O.N. 250021, her engines, appurtenances, tackles, and gear, *in rem*,<br><br>　　　　　Defendants. | IN ADMIRALTY<br><br>NO. 3:23-cv-05011-JCC<br><br>[~~PROPOSED~~]<br><br>ORDER GRANTING *EX PARTE* MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN AND APPOINTING MARINE LENDERS SERVICES, LLC AS SUBSTITUTE CUSTODIAN |

On January 5, 2023, plaintiffs Pacific Coast Maritime and Harley Marine Financing filed their *Verified Complaint* herein, requesting that the vessel PACIFIC PRODUCER, Official Number O.N. 250021, its engines, machinery, and other appurtenances, etc., be condemned and sold to pay plaintiffs' claims and for other proper relief.

1. It is anticipated that the Clerk of the Court will be authorized by this Court to issue a Warrant of Arrest commanding the United States Marshal for this District to arrest and take the defendant vessel into custody and to detain it in custody

[~~PROPOSED~~] ORDER RE: MOTION FOR SUB.
CUSTODIAN - 1
CASE NO. 3:23-cv-05011-JCC

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE, STE. 2400
SEATTLE, WASHINGTON 98121
TELEPHONE: (206) 443-3400

1   until further order of this Court.

2       2.    It is contemplated that the United States Marshal will seize the defendant vessel forthwith. Custody by the U.S. Marshal requires the services of one or more keepers at a charge of at least $1,200.00 per day per keeper, not including charges for moorage and the other services usually associated with safekeeping vessel similar to the defendant vessel.

    3.    The defendant vessel is currently moored in the Foss Waterway in Tacoma, Washington at 1510 E D Street (the old "J M Martinac Shipbuilding Corporation"). After arrest, it may be necessary to move the vessel to other suitable moorage. It may also be necessary to offload any remaining cargo from the vessel.

    4.    Plaintiff is agreeable to allowing Marine Lenders Services, LLC to assume the responsibility of safekeeping said vessel and Marine Lenders Services, LLC has consented to act as custodian of the vessel until further order of this Court. Fees and expenses to be charged by Marine Lenders Services, LLC will be substantially less than the cost of leaving the defendant vessel in the custody of the U.S. Marshal.

    5.    Buck W. Fowler Jr, Managing Member by declaration, has stated that Marine Lenders Services, LLC has no interest in the outcome of this lawsuit, can arrange for adequate facilities and supervision for the proper safekeeping of the vessel, and has obtained the legal liability insurance through Great American (Policy No. CL1932503366) with policy limits of not less than $2,000,000 which is expected to be adequate to respond in damages for loss of or injury to the defendant vessel resulting from their legal liability or for damages sustained by third parties due to any acts, faults or negligence of the substitute custodian. Further, in his declaration, Buck W. Fowler Jr, on behalf of Marine Lenders Services, LLC has agreed to accept custody of the vessel and its equipment in accordance with the terms of this Order.

[~~PROPOSED~~] ORDER RE: MOTION FOR SUB.
CUSTODIAN - 2
CASE NO. 3:23-cv-05011-JCC

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE, STE. 2400
SEATTLE, WASHINGTON 98121
TELEPHONE: (206) 443-3400

6. In consideration of the U.S. Marshal's consent to the appointment of Marine Lenders Services, LLC as substitute custodian, plaintiff agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the defendant vessel and its equipment, from the time the U.S. Marshal transfers custody of the vessel over to the substitute custodian, and plaintiff further agrees to indemnify and hold the United States and the U.S. Marshal harmless from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of the vessel.

NOW, THEREFORE, THE COURT ORDERS:

1. That upon the seizure of the defendant vessel, the PACIFIC PRODUCER, O.N. 250021, its engines, tackle and other appurtenances pursuant to the Warrant of Arrest, the U.S. Marshal is authorized and directed to surrender custody of the vessel to Marine Lenders Services, LLC as substitute custodian herein, and that upon such surrender, the Marshal shall be discharged from his/her duties and responsibilities for the safekeeping of the vessel and held harmless from any and all claims arising out of said custodial services.

2. That Marine Lenders Services, LLC, as substitute custodian, shall see to and be responsible for the safekeeping of the defendant vessel. The duties of the substitute custodian shall include, but are not limited to, ensuring that there is adequate, safe moorage for the vessel. The substitute custodian is not required to have a person live on board the vessel, but an officer or authorized agent of the substitute custodian shall go on board the vessel, from time to time to carry out the duties of substitute custodian. No other person shall be allowed to enter on the vessel except as provided for herein or as otherwise expressly authorized by order of this Court.

3. That the defendant vessel may be moved by tug or other safe means from its present moorage to adequate, safe moorage. The substitute custodian shall notify

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE, STE. 2400
SEATTLE, WASHINGTON 98121
TELEPHONE: (206) 443-3400

1  the office of the U.S. Marshal that the vessel is to be moved and shall again notify the
2  office of the U.S. Marshal when the vessel has been moved.  Once the vessel has been
3  moved to suitable moorage, the defendant vessel shall not be moved again without
4  further order of the Court.
5    4.  That Marine Lenders Services, LLC, as substitute custodian, may if
6  necessary offload any cargo aboard the vessel and arrange for storage of the same at a
7  suitable storage facility.  The substitute custodian shall notify the office of the U.S.
8  Marshal prior to engaging in any such offloading of cargo and again upon the
9  completion of any such offloading.
10   5.  That Marine Lenders Services, LLC, as substitute custodian, with
11 plaintiffs' approval, may permit the Vessel to conduct normal operations while under
12 Marine Lenders Services LLC custodianship, including fueling, loading, discharging,
13 cargo handling, repairs, and vessel movement within the District, but at the risk and
14 expense of the Vessel's interests.  The substitute custodian Marine Lenders Services,
15 LLC shall ensure that the operations of the Vessel conducted are normal port
16 operations, i.e., normal cargo operations, both discharging and loading, repair work,
17 fueling, and vessel movement, and that the Vessel always remains within the waters of
18 the District, unless and until otherwise ordered by the Court.  The substitute custodian
19 shall notify the office of the U.S. Marshal prior to engaging in any such loading,
20 fueling and vessel movement and again upon the completion of such activity.
21   6.  That Marine Lenders Services, LLC, as substitute custodian, may if
22 necessary offload any fuel and arrange for disposal of the same.  The substitute
23 custodian shall notify the office of the U.S. Marshal prior to engaging in any such
24 offloading and again upon the completion of any such offloading.
25   7.  That Marine Lenders Services, LLC, as substitute custodian, may, but is
26 not required to, retain a marine engineer familiar with the vessel and to take him or her

[PROPOSED] ORDER RE: MOTION FOR SUB.
CUSTODIAN - 4
CASE NO. 3:23-cv-05011-JCC

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE, STE. 2400
SEATTLE, WASHINGTON  98121
TELEPHONE:  (206) 443-3400

on board the vessel with authorized agents of Marine Lenders Services, LLC to assist in the securing of the vessel.

8. That Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, remove those pieces of electronic equipment on board the vessel, if any, which may be easily removed without damage to the vessel, and that such removed electronic equipment shall be stored in a safe, secure storage pending further Order of this Court.

9. That Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, retain such services as are necessary to clean the interior and / or exterior of the vessel, remove food products with such services to be performed under the supervision of the substitute custodian.

10. That plaintiffs shall arrange to pay charges for moorage of the vessel and the fees, costs and legal liability insurance premiums of the substitute custodian and shall reimburse the substitute custodian for such other costs as may be incurred in conduction of the inventory of the equipment on board, in securing the vessel, in having the vessel cleaned, in moving the vessel, and / or in offloading any cargo or fuel from the vessel.

11. That subject to final approval by the Court, all fees, costs and expenses incurred by plaintiffs or the substitute custodian pursuant to the terms of this Order shall be deemed administrative expenses of the U.S. Marshal.

11. That plaintiff's attorney shall send a copy of this Order to the owner of the defendant vessel at the last address known by plaintiffs, and to the address shown on the record of the U.S. Coast Guard by Certified Mail, Return Receipt Requested.

IT IS FURTHER ORDERED that the substitute custodian may permit boarding and inspection of the defendant vessel by marine surveyors, representatives of plaintiffs, defendant and prospective purchasers in order to determine the vessel's

[~~PROPOSED~~] ORDER RE: MOTION FOR SUB.
CUSTODIAN - 5
CASE NO. 3:23-cv-05011-JCC

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE, STE. 2400
SEATTLE, WASHINGTON 98121
TELEPHONE: (206) 443-3400

condition and value at a date and time convenient to the substitute custodian. All cost of such boarding and inspections shall be paid by plaintiffs and shall be deemed administrative costs herein. All persons entering on board the vessel shall execute a waiver and release in the form attached hereto.

IT IS FURTHER ORDERED THAT all crew members shall remain on board the defendant vessel and continue to operate and maintain all ship systems pending further order of this Court.

It is further requested that the Clerk of this Court deliver three certified copies of this order to the United States Marshal forthwith.

DATED this 13th day of February 2023.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

Presented by:

/s/Thomas G. Waller
Thomas G. Waller, WSBA No. 22963
/s/Donald K. McLean
Donald K. McLean, WSBA No. 24158
Attorneys for Plaintiffs

[PROPOSED] ORDER RE: MOTION FOR SUB. CUSTODIAN - 6
CASE NO. 3:23-cv-05011-JCC

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE, STE. 2400
SEATTLE, WASHINGTON 98121
TELEPHONE: (206) 443-3400